■ In the Matter of Lorenzo Nichols, Petitioner, v Louis Mann, as Superintendent of Shawangunk Correctional Facility, et al., Respondents.—Kane, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which placed petitioner in involuntary protective custody.

Petitioner was placed in the protective custody unit at Shawangunk Correctional Facility in Ulster County upon his transfer from Attica Correctional Facility on April 25, 1988.* Petitioner received notice that involuntary protective custody (hereinafter IPC) had been recommended and, after a hearing, petitioner was placed in IPC. Petitioner appealed to respondent Commissioner of Correctional Services, who apparently affirmed the Hearing Officer's disposition. This CPLR article 78 proceeding followed.

We confirm. IPC is indicated for "[a]n inmate who may be a potential victim * * * or who lacks the ability to live in the general facility community and who may for good cause be restricted from communication with the general inmate population" (7 NYCRR 330.2 [b]). Petitioner argues that the determination to place him in IPC was not supported by substantial evidence. We disagree. The record reveals evidence sufficient to support the administrative conclusion that petitioner's notoriety, particularly surrounding his indictment for the execution-style murder of his former parole officer, and his

---

* Apparently, petitioner is currently being held at Metropolitan Corrections Center in New York City on Federal criminal charges.

previous high-level involvement in drug activity establish good cause to place petitioner in IPC.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.