■ In the Matter of SHAWN GREEN, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. (Proceeding No. 1.) [839 NYS2d 401]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered June 20, 2006) to review a determination of respondent. The determination found after a tier II hearing that petitioner violated various inmate rules.

It is hereby ordered that the determination be and the same hereby is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rule 107.20 (7 NYCRR 270.2 [B] [8] [iii]) and as modified the determination is confirmed without costs, and respondent is directed to expunge from petitioner's institutional record all references to the violation of that rule.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination that he violated various inmate rules. As respondent correctly concedes, that part of the determination finding that petitioner violated inmate rule 107.20 (7 NYCRR 270.2 [B] [8] [iii] [false

statements]) is not supported by substantial evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]). We therefore modify the determination and grant the petition in part by annulling that part of the determination finding that petitioner violated that rule. Inasmuch as it appears from the record that petitioner has already served his administrative penalty, the appropriate remedy with respect to that violation is expungement (*see Matter of Vasquez v Goord*, 284 AD2d 903 [2001]; *see also Matter of Redmond v Goord*, 6 AD3d 1207 [2004]). We therefore direct respondent to expunge from petitioner's institutional record all references to the violation of that rule. We conclude that the determination with respect to the remaining inmate rules is supported by substantial evidence. Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Pine, JJ.