■ In the Matter of ROLAND CODY, Petitioner, v BRIAN FISCHER, as Commissioner of New York State Department of Correctional Services, Respondent. [848 NYS2d 489]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered July 2, 2007) to annul a determination of respondent. The determination found after a tier III hearing that petitioner violated an inmate rule.

It is hereby ordered that the determination be and the same hereby is unanimously annulled on the law without costs, the petition is granted and respondent is directed to expunge from petitioner's institutional record all references to the violation of inmate rule 105.12 (7 NYCRR 270.2 [B] [6] [iii]).

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination that he violated inmate rule 105.12 (7 NYCRR 270.2 [B] [6] [iii]), which prohibits, inter alia, an inmate's possession of unauthorized organizational materials. "An unauthorized organization is any gang or any organization which has not been approved by the deputy commissioner for program services" (id.). The written materials at issue were confiscated from petitioner when his cell was searched incident to a transfer to another cell block, nine days after he had been transferred from one correctional facility to another. The record establishes that the materials related to organizations of which petitioner had been a member, either previously at the correctional facility to which he was transferred or at other correctional facilities. The record further establishes that the organizations had been approved by the deputy commissioner for program services, although none was approved at the correctional facility to which petitioner had been transferred at the time the materials were confiscated. We conclude that, because the materials had been approved by the deputy commissioner for program services at the time petitioner acquired them, the determination that the materials constituted unauthorized organizational materials must be annulled (see generally Matter of Morrero v Coombe, 236 AD2d 887 [1997]). Inasmuch as it appears from the record that petitioner has already served his administrative penalty, the appropriate remedy is expungement of all references to the violation of that rule from petitioner's institutional record (see Matter of Green v Goord, 42 AD3d 966, 967 [2007]). Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Pine, JJ.