In the Matter of WAYNE GARDINE, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [929 NYS2d 643]—

Petitioner was ordered to provide a urine specimen and, after he handed the specimen to a correction officer, he became agitated, knocked the specimen from the officer's hands and struck the officer in the head. Petitioner was placed in mechanical restraints and escorted to the special housing unit at which point the officer who received the specimen gathered the remainder of it and secured it in the urinalysis refrigerator. As a result of this incident, petitioner was charged in a misbehavior report with engaging in violent conduct, interfering with an employee, assaulting staff and failing to comply with urinalysis testing procedures. He was found guilty of the charges following a tier III disciplinary hearing and the determination was upheld on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and related documentation, together with the testimony of the correction officers who were involved in the incident and assisted in restraining petitioner, provide substantial evidence supporting the determination of guilt (*see Matter of Sital v Fischer*, 73 AD3d 1348, 1349 [2010], *lv denied* 15 NY3d 707 [2010]; *Matter of Edwards v Bezio*, 69 AD3d 1077, 1077-1078 [2010]). Petitioner's denial of any wrongdoing and claim that he was assaulted presented a credibility issue for the hearing officer to resolve (*see Matter of Malik v Bezio*, 76 AD3d 1128, 1128 [2010]; *Matter of Partee v Bezio*, 67 AD3d 1224, 1224-1225 [2009], *lv denied* 14 NY3d 702 [2010]). Therefore, we find no reason to disturb the determination at issue.

Peters, J.P., Rose, Kavanagh, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.