# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**145**
**TP 11-01688**
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF LASEAN BROWN, PETITIONER,

                    V                                    MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARLENE O. TUCZINSKI
OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Wyoming County [Mark H.
Dadd, A.J.], entered August 11, 2011) to review a determination of
respondent. The determination found after a Tier III hearing that
petitioner had violated various inmate rules.

It is hereby ORDERED that the determination is unanimously
annulled on the law and facts without costs, the petition is granted
and respondent is directed to expunge from petitioner's institutional
record all references to the violation of inmate rules 102.10 (7 NYCRR
270.2 [B] [3] [i]) and 107.20 (7 NYCRR 270.2 [B] [8] [iii]).

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination, following a Tier III disciplinary
hearing, that he violated inmate rules 102.10 (7 NYCRR 270.2 [B] [3]
[i] [threats of violence]) and 107.20 (7 NYCRR 270.2 [B] [8] [iii]
[false statements]). We agree with petitioner that the determination
is not supported by substantial evidence.

Petitioner was charged with violating the two rules at issue
based upon allegations that he wrote a threatening letter to a
counselor at a correctional facility. Respondent contends that the
inmate misbehavior report, the testimony of the correction officer who
wrote that report, and several handwriting exemplars submitted by or
seized from petitioner constitute substantial evidence establishing
that he violated the rules in question. We reject that contention.
The misbehavior report contains no firsthand information. Rather, the
correction officer who wrote it interviewed a counselor who told him
that unnamed inmate informants said that petitioner was going to write
a letter after the counselor discharged petitioner from certain duties

at the facility.  Similarly, the correction officer who wrote the report testified that he interviewed the counselor and compared the letter that petitioner purportedly wrote to handwriting exemplars that he obtained from petitioner, and the correction officer concluded therefrom that petitioner had written the letter.

It is well settled that misbehavior reports may constitute substantial evidence to support a determination (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139).  Where, however, "the misbehavior report was not written by a correction officer who witnessed the conduct in question, the record must contain facts establishing some indicia of reliability to the hearsay before the report may be considered sufficiently relevant and probative to constitute substantial evidence" (*Matter of McIntosh v Coughlin*, 155 AD2d 762, 763).  We note that a hearing officer is not required to interview informants to determine the credibility of their hearsay statements in the misbehavior report but, rather, New York courts apply the federal standard that "any reasonable method for establishing the informant's reliability will suffice" to establish the credibility of such inmates (*Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 121).  An informant's credibility may be established where the information provided by the informant is "sufficiently detailed" to enable a hearing officer to assess the informant's reliability (*Matter of Debose v Selsky*, 12 AD3d 1003, 1004), or the information provided to the hearing officer establishes that the informant provided the information based on personal knowledge (*cf. Matter of Holmes v Senkowski*, 238 AD2d 629).  Here, however, the Hearing Officer had no information to enable him to assess the credibility of the unnamed inmate informants who spoke to the counselor about the letter that petitioner allegedly wrote, and thus the misbehavior report does not constitute substantial evidence supporting the petition (*see Matter of Daise v Giambruno*, 279 AD2d 911, 911-912).

Furthermore, respondent is correct that "the trier of fact (here, the Hearing Officer) may make his or her own comparison of handwriting samples in the absence of expert testimony on the subject . . . Thus, the handwriting samples alone—the . . . letter[] and exemplars—can form the basis for a determination of guilt in a case such as this if there are sufficient similarities between the two to comprise substantial evidence that they were written by the same person" (*Matter of Smith v Coughlin*, 198 AD2d 726, 726).  Upon our independent review of those exemplars, we are unable to find that there are sufficient similarities between them "to comprise substantial evidence that they were written by the same person" (*id.*).  Consequently, we conclude that the determination is not supported by substantial evidence and must be annulled.  Because it appears from the record that petitioner has already served his administrative penalty, the appropriate remedy is expungement of all references to the violations of those rules from his institutional record (*see Matter of Cody v Fischer*, 46 AD3d 1371).

Entered:  January 31, 2012                Frances E. Cafarell
                                          Clerk of the Court