[963 NE2d 1232, 940 NYS2d 531]

In the Matter of DANIEL WILLIAMS, Appellant, v BRIAN FISCHER, Commissioner of the Department of Correctional Services, Respondent.

Argued January 9, 2012; decided February 9, 2012

### APPEARANCES OF COUNSEL

*Prisoners' Legal Services of New York*, Albany (*James M. Bogin* and *Karen Murtagh-Monks* of counsel), for appellant.

*Eric T. Schneiderman, Attorney General*, Albany (*Marcus J. Mastracco, Martin A. Hotvet, Andrea Oser* and *Barbara D. Underwood* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The judgment of the Appellate Division should be affirmed, without costs.

Petitioner Daniel Williams, an inmate at the Elmira Correctional Facility, was served with a misbehavior report charging him with violating prison rules prohibiting assault and violent conduct. These charges arose from an attack on an inmate who suffered numerous cutting wounds while he was in the "laundry corridor," which he passed through on his way back to his cell block from the package room. The attack occurred at 10:30 A.M. Following a tier III disciplinary hearing, the hearing officer found petitioner guilty of the charges. He assessed a penalty of 12 months in the Special Housing Unit, and recommended 12 months' loss of good time. The hearing officer relied principally on detailed information from a confidential informant.

After an unsuccessful administrative appeal, petitioner brought this CPLR article 78 proceeding. He argued that the hearing officer did not make a meaningful independent assessment of the confidential information's reliability, and improperly declined to call as a witness a correction officer who petitioner thought might corroborate his testimony that he had returned from the infirmary to his cell at 9:30 A.M., an hour before the assault occurred. The Appellate Division confirmed the determination and dismissed the petition, concluding that "[t]he misbehavior report, the hearing testimony and the confidential testimony and documents reviewed by the Hearing Officer in camera provide[d] substantial evidence to support the determination of guilt" (75 AD3d 706 [3d Dept 2010]).

We now affirm. Information from a confidential informant may constitute substantial evidence to support a prison disciplinary determination so long as the hearing officer makes an independent assessment of the informant's reliability. In the circumstances of this case, the hearing officer adequately questioned the correction officer who interviewed the confidential informant so as to gauge the basis for the informant's knowledge of the assault and his reliability (*see Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 120-121 [1995]). The inquiry established that the confidential account was detailed and specific; that there were valid reasons to conclude that the informant was reliable; and that there was no reason to think that the informant was motivated by a promise of reward from the prison officials or a personal vendetta against petitioner. Further, the hearing officer did not abuse his discretion when he declined to call as a witness the additional correction officer from whom petitioner sought testimony. The correction officer responsible for monitoring inmate movement to and from petitioner's cell block on the day in question testified that he does not maintain a written record of the time when an inmate issued a pass comes back to the cell block, and that he did not recall seeing petitioner return. In any event, as the hearing officer observed, testimony about petitioner's whereabouts at 9:30 A.M. would not preclude his presence in the "laundry corridor" at 10:30 A.M.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Judgment affirmed, without costs, in a memorandum.