# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

197

TP 11-01963

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF REGINALD MCFADDEN, PETITIONER,

V                                            MEMORANDUM AND ORDER

ALBERT PRACK, DIRECTOR, SPECIAL
HOUSING/INMATE DISCIPLINARY, RESPONDENT.

---

REGINALD MCFADDEN, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF
COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Cayuga County [Mark H.
Fandrich, A.J.], entered September 22, 2011) to review a determination
of respondent.  The determination found after a Tier III hearing that
petitioner had violated various inmate rules.

It is hereby ORDERED that the determination is unanimously
modified on the law and the petition is granted in part by annulling
that part of the determination finding that petitioner violated inmate
rule 113.27 (7 NYCRR 270.2 [B] [14] [xvii]) and vacating the
recommended loss of good time and as modified the determination is
confirmed without costs, respondent is directed to expunge from
petitioner's institutional record all references to the violation of
that inmate rule, and the matter is remitted to respondent for further
proceedings in accordance with the following Memorandum:  Petitioner
commenced this CPLR article 78 proceeding seeking to annul the
determination, following a Tier III disciplinary hearing, that he
violated inmate rules 103.20 (7 NYCRR 270.2 [B] [4] [ii] [soliciting
goods or services]), 113.27 (7 NYCRR 270.2 [B] [14] [xvii]
[soliciting, possessing or exchanging other inmate crime and sentence
information]), 180.11 (7 NYCRR 270.2 [B] [26] [ii] [violating facility
correspondence guidelines]), and 180.17 (7 NYCRR 270.2 [B] [26] [vii]
[providing legal assistance to another inmate without prior
approval]).  We note at the outset that respondent correctly concedes
that petitioner lacked adequate notice of the alleged violation of
inmate rule 113.27.  We therefore modify the determination and grant
the petition in part by annulling that part of the determination that
petitioner violated inmate rule 113.27, and we direct respondent to
expunge from petitioner's institutional record all references to the
violation of that inmate rule (*see generally Matter of Edwards v
Fischer*, 87 AD3d 1328, 1330).  Inasmuch as it appears from the record

that petitioner has already served his administrative penalty, the appropriate remedy is expungement of all references to the violation of that rule from his institutional record (*see Matter of Brown v Fischer*, 91 AD3d 1336, 1337). We note, however, that there was also a recommended loss of good time, and the record does not reflect the relationship between the violations of the inmate rules and that recommendation. We therefore further modify the determination by vacating that recommendation, and we remit the matter to respondent for reconsideration of the recommended loss of good time (*see Matter of Cross v Goord*, 2 AD3d 1425, 1426).

Contrary to petitioner's further contention, the determination that he violated the remaining inmate rules is supported by substantial evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139). Petitioner failed to exhaust his administrative remedies with respect to his contention that respondent improperly intercepted letters addressed to him inasmuch as he failed to raise that contention at his Tier III hearing, "and this Court has no discretionary authority to reach that contention" (*Matter of Fuentes v Fischer*, 89 AD3d 1468; *see Matter of Nelson v Coughlin*, 188 AD2d 1071, 1071, *appeal dismissed* 81 NY2d 834). We have reviewed petitioner's remaining contentions and conclude that they are without merit.

Entered:  March 23, 2012                          Frances E. Cafarell
                                                  Clerk of the Court