■ In the Matter of ERIC THOMAS, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [952 NYS2d 307]—

Stein, J.

As a group of inmates was being returned to their cell block, a correction officer observed petitioner being attacked by another inmate and a physical altercation between petitioner and that inmate ensued. The officer directed them to separate and, when petitioner broke free, he attempted to escape through a door. The officer detained petitioner and used body holds to gain control of him, at which point petitioner struck the officer. As a result, petitioner was charged in a misbehavior report with refusing a direct order and assaulting staff. After an investigation of the incident, correction officials concluded that petitioner had previously used a weapon to injure the inmate who was observed assaulting him. Consequently, petitioner was charged in a second misbehavior report with possessing a weapon and assaulting an inmate. Following a tier III disciplinary hearing on the charges contained in both reports, petitioner was found guilty of assaulting an inmate and assaulting staff, and was found not guilty of the remaining charges. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

The determination finding petitioner guilty of assaulting staff is supported by substantial evidence consisting of the initial misbehavior report and the testimony of the correction officer who prepared it after being struck by petitioner (*see Matter of Jenkins v Fischer*, 78 AD3d 1385, 1385 [2010]; *Matter of Larkins v Goord*, 27 AD3d 810 [2006]). While petitioner denied striking the officer, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Harrington v Prack*, 91 AD3d 1244, 1245 [2012]; *Matter of Gardine v Fischer*, 87 AD3d 1187 [2011]).

We likewise find that there is substantial evidence in the record—including, among other things, confidential testimony provided to the Hearing Officer—to support the determination finding petitioner guilty of assaulting another inmate. Inasmuch

as the "confidential information was sufficiently detailed and probative to permit the Hearing Officer [to] independent[ly] assess[ ] [its] reliability and credibility" (*Matter of Salahuddin v Selsky*, 293 AD2d 900, 900 [2002], *lv denied* 98 NY2d 614 [2002]; *see Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 123 [1995]; *Matter of Deleon v Goord*, 291 AD2d 607, 608 [2002], *lv denied* 98 NY2d 610 [2002]), we find no basis to disturb the Hearing Officer's determination.

Petitioner's remaining contentions have been considered and are unpersuasive.

Peters, P.J., Lahtinen, Kavanagh and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.