Lahtinen, J.P.
Appeals (1) from an order of the Family Court of Warren County (Pritzker, J.), entered January 11, 2012, which granted respondent’s application, in proceeding No. 3 pursuant to Family Ct Act article 8, for an order of protection, (2) from an order of said court, entered January 11, 2012, which dismissed petitioner’s applications, in proceeding Nos. 1 and 2 pursuant to Family Ct Act article 6, to, among other things, modify a prior order of custody, and (3) from an order of said court, entered June 28, 2012, which dismissed petitioner’s application, in proceeding No. 4 pursuant to Family Ct Act article 8, to modify an order of protection.
The parties, unmarried parents of a child (Febe, born in 2003), had multiple proceedings pending before Family Court. Petitioner (hereinafter the father), who was serving a prison term for a felony conviction, informed Family Court directly and through his attorney that he would not appear in court except for a trial. Based upon his refusal to be transported for a duly scheduled appearance in court regarding the pending petitions, Family Court dismissed the father’s petitions. The court further granted the pending application of respondent (hereinafter the mother), which alleged a family offense by the father, and, after the mother’s testimony as to repeated violations by the father of temporary orders of protection, Family Court issued a five- *1261 year order of protection for the mother and her child from another relationship as well as a two-year order of protection for Febe. As to Febe, Family Court indicated that it was amenable to attempting to establish visitation for the father in the event that he petitioned for modification and acknowledged a willingness to adhere to court orders. Instead, the father appealed.
We are unpersuaded by the father’s contention that Family Court erred in finding him in default. While “[a] party who fails to appear generally will not be considered in default when the party’s attorney is able to offer an explanation for the absence” (Matter of Scott v Jenkins, 62 AD3d 1053, 1054 [2009], lv denied 13 NY3d 705 [2009]; see Matter of Freedman v Horike, 107 AD3d 1332, 1333 [2013]; Matter of Hill v Hillenbrand, 12 AD3d 980, 981 [2004], lv denied 4 NY3d 705 [2005]), the only explanation offered by the father’s attorney, who did appear, was to report the father’s refusal to appear at any proceeding before Family Court other than a trial on his petitions. The record reflects that the father attempted to dictate to Family Court how the proceedings should progress and when he would attend. Family Court’s finding of default and dismissal was proper in light of the father’s willful refusal to appear and the absence of a reasonable excuse for his nonappearance (see generally Matter of Ariane I. v David I., 82 AD3d 1547, 1548 [2011], lv denied 17 NY3d 703 [2011]; compare Matter of Freedman v Horike, supra). “It is well settled that a party cannot appeal from an order entered upon default, the proper procedure being to move to vacate the default and, if necessary, appeal from the denial of that motion” (Matter of Shabazz v Blackmon, 274 AD2d 770, 771 [2000], lv dismissed 95 NY2d 945 [2000] [internal quotation marks and citation omitted]; see Matter of Derek P. v Doris Q., 92 AD3d 1103, 1105 [2012], lv dismissed and denied 19 NY3d 831 [2012]; Matter of Scott v Jenkins, 62 AD3d at 1054).* Accordingly, the merits of the father’s appeals are not properly before us.
We briefly address the father’s assertion that Family Court lacked subject matter jurisdiction to consider the mother’s family offense petition, since an issue regarding subject matter jurisdiction can be raised at any time (see Manhattan Telecom. Corp. v H & A Locksmith, Inc., 21 NY3d 200, 203 [2013]; Matter *1262 of Anstey v Palmatier, 23 AD3d 780, 780 [2005]). Although Family Court’s jurisdiction regarding family offenses has been expanded by the Legislature in recent years (see e.g. L 2008, ch 326, § 7; Matter of Jessica D. v Jeremy H., 77 AD3d 87, 90-91 [2010]; Merril Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 812 at 227-228), for that court to have jurisdiction, the listed acts must nonetheless occur “between spouses or former spouses, or between parent and child or between members of the same family or household” (Family Ct Act § 812 [1]; see Matter of Janet GG. v Robert GG., 88 AD3d 1204, 1205 [2011], lv denied 18 NY3d 803 [2012]). Here, the bulk of the allegations concerned the father’s acts with the mother’s child from a different relationship and there were no allegations indicating that such child and the father were “members of the same family or household” as that phrase is statutorily defined (see Family Ct Act § 812 [1] [a]-[e]). However, the petition also included the additional — albeit somewhat conclusory — contention that the father had “threatened other people with a gun in front of [the mother’s] children” (emphasis added), which would necessarily include Febe. While further development of the record may have clarified and perhaps even eroded this contention, it nonetheless provided Family Court a sufficient basis to exercise its jurisdiction to issue a temporary protective order, and the father’s willful failure to appear in court has left the contention unchallenged.
Stein, Spain and Egan Jr., JJ., concur. Ordered that the appeals are dismissed, without costs.

 We note that one of the father’s petitions involved allegations of inadequate visitation during a previous incarceration and another sought custody during a time when he was out of prison. Since he has subsequently returned to prison, these petitions have become largely academic. Petitioner would be well-advised to follow Family Court’s suggestion of filing a new petition given his current circumstances.