*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    October 29, 2015                520265
_____

In the Matter of SPENCER
    BRIDGE,
                        Petitioner,

        v                                      MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:   September 22, 2015

Before:   McCarthy, J.P., Garry, Lynch and Devine, JJ.

                         _____


        Alissa R. Hull, Prisoners' Legal Services of New York,
Plattsburgh, for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                         _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Following an investigation into an inmate being assaulted
from behind, petitioner was charged in a misbehavior report with
assault on an inmate, violent conduct, possession of a weapon and
creating a disturbance.  Petitioner was found guilty of all
charges at the conclusion of a tier III disciplinary hearing.
The determination was modified on administrative appeal by
dismissing the charge of creating a disturbance but was otherwise
affirmed.  This CPLR article 78 proceeding ensued.

Petitioner contends that the determination is not supported by substantial evidence because the Hearing Officer did not independently assess the reliability of the confidential information. Upon our review of the record, we agree. "A disciplinary determination may be based upon hearsay confidential information provided that it is sufficiently detailed and probative for the Hearing Officer to make an independent assessment of the informant's reliability" (Matter of Muller v Fischer, 125 AD3d 1034, 1035 [2015] [citations omitted]). Here, the correction officer who investigated the incident and authored the misbehavior report testified that his information regarding petitioner's involvement was gleaned from confidential informants. Other than noting that the confidential informants either had proven reliable in the past or disclosed detailed information about the incident, the correction officer did not testify with any further specificity or detail regarding the substance of the information that was provided in order for the Hearing Officer to independently assess the informants' reliability or credibility. Given that the confidential information was instrumental in finding petitioner guilty of the charges, we find that substantial evidence does not support the determination and it, therefore, must be annulled (see Matter of Muller v Fischer, 125 AD3d at 1035; Matter of Rosa v Fischer, 112 AD3d 1009, 1011 [2013], lv denied 22 NY3d 864 [2014]).

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur.

ADJUDGED that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record and to restore any good time lost as a result thereof.

ENTER:

Robert D. Mayberger
Clerk of the Court