## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 10, 2016                    522721
_____

In the Matter of RAFAEL
    BELLIARD,
                        Petitioner,

            v                              MEMORANDUM AND JUDGMENT

NEW YORK STATE DEPARTMENT OF
    CORRECTIONS,
                        Respondent.
_____

Calendar Date:  September 20, 2016

Before:  Egan Jr., J.P., Devine, Clark, Mulvey and Aarons, JJ.

                    _____

        Rafael Belliard, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating
certain prison disciplinary rules.

        After a window was broken in the prison day room, a
correction sergeant undertook an investigation to determine how
this occurred.  The sergeant obtained confidential information
indicating that petitioner broke the window because he was upset
about not being able to watch a particular television show.  When
the sergeant confronted petitioner, he denied that he broke the
window.  As a result, petitioner was charged in a misbehavior
report with destroying state property, engaging in violent
conduct and making a false statement.  He was found guilty of the

charges following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal with a modified penalty.  This CPLR article 78 proceeding ensued.

Petitioner contends, among other things, that the determination is not supported by substantial evidence.  Notably, the charges of which petitioner was found guilty were based upon information provided by confidential sources implicating petitioner as the individual who broke the window.  "While hearsay evidence in the form of confidential information may provide substantial evidence to support a determination of guilt, the information must be sufficiently detailed to allow the Hearing Officer to make an independent assessment to determine its reliability and credibility" (Matter of Torres v Fischer, 101 AD3d 1281, 1282 [2012] [citations omitted]; see Matter of Haigler v Fischer, 119 AD3d 1261, 1262 [2014], lv denied 24 NY3d 908 [2014]; Matter of Rosa v Fischer, 112 AD3d 1009, 1010 [2013], lv denied 22 NY3d 864 [2014]).  Furthermore, "where the Hearing Officer obtains such information through the testimony of a correction officer who has interviewed a confidential informant, the questioning must be thorough and specific, to allow an adequate basis to gauge the informant's knowledge and reliability" (Matter of Muller v Fischer, 120 AD3d 1452, 1453 [2014]; see Matter of Williams v Fischer, 18 NY3d 888, 890 [2012]).

Here, the confidential information considered by the Hearing Officer consisted of, among other things, memoranda prepared by correction officials that briefly summarized their interviews with three confidential sources who stated, in conclusory fashion, that petitioner was the individual who broke the window.  In addition, a memorandum and photo array identification were provided by one of the confidential sources, but were similarly lacking in detail.  The Hearing Officer also considered the confidential testimony of the two correction officials who spoke directly with the confidential sources.  The officials related that the sources identified petitioner as the individual who broke the window, but did not reveal any specific information regarding the basis of their knowledge.  Significantly, there is no indication that the sources actually witnessed petitioner break the window nor any explanation as to

how they acquired this information.  In addition, the correction officials who interviewed them did not provide any endorsement of their reliability other than to state that they freely provided the information and were not coerced.  Under these circumstances, we conclude that the Hearing Officer failed to undertake the requisite independent assessment of the confidential information to establish its reliability (see Matter of Muller v Fischer, 120 AD3d at 1453-1454; Matter of Eugenio v Fischer, 112 AD3d 1017, 1017 [2013], lv denied 22 NY3d 863 [2014]).  Inasmuch as this information was instrumental in finding petitioner guilty of the charges at issue, the determination is not supported by substantial evidence and must annulled.  In view of our disposition, we need not address petitioner's remaining claims.

        Egan Jr., J.P., Devine, Clark, Mulvey and Aarons, JJ., concur.


        ADJUDGED that the determination is annulled, without costs, petition granted, and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner's institutional record.




                    ENTER:


                    Robert D. Mayberger
                    Clerk of the Court