■ In the Matter of DOMINIQUE FIELDS, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [60 NYS3d 711]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Based upon an investigation that included the use of a confidential informant, petitioner was charged in a misbehavior report with fighting, violent conduct, assaulting an inmate, possessing a weapon and failing to report an injury. At the conclusion of the tier III disciplinary hearing, the Hearing Officer sustained all charges, with the exception of possessing a weapon. Other than a modification of the penalty, the determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.

We agree with petitioner's contention that the determination should be annulled because the Hearing Officer did not independently assess the information obtained from the confidential informant. "A disciplinary determination may be based upon hearsay confidential information provided that it is sufficiently detailed and probative for the Hearing Officer to make an independent assessment of the informant's reliability" (*Matter of Bridge v Annucci*, 132 AD3d 1197, 1197-1198 [2015] [internal quotation marks and citations omitted]; *see Matter of Belliard v New York State Dept. of Corr.*, 144 AD3d 1301, 1302 [2016]). Here, the Hearing Officer, without informing petitioner, interviewed the correction officer who investigated the incident and authored the misbehavior report about the information obtained from the confidential informant. Although the correction officer attested to the informant's past reliability, the substance of the information gleaned from the informant was too vague and insufficiently detailed to allow the Hearing Officer to independently assess the reliability or credibility of the informant (*see Matter of Bridge v Annucci*, 132 AD3d at 1198; *Matter of Muller v Fischer*, 125 AD3d 1034, 1035 [2015]). Because the confidential information was instrumental in find-

ing petitioner guilty of the charges, the determination is not supported by substantial evidence and must be annulled (*see Matter of Belliard v New York State Dept. of Corr.*, 144 AD3d at 1303; *Matter of Muller v Fischer*, 125 AD3d at 1035).*

Peters, P.J., Egan Jr., Rose, Mulvey and Rumsey, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record and to restore any loss of good time.

---

* We note that the Hearing Officer also erred by considering numerous undisclosed documents, the existence of which were not revealed to petitioner until the disposition was rendered (*see Matter of Hillard v Coughlin*, 187 AD2d 136, 139 [1993], *lv denied* 82 NY2d 651 [1993]). The Hearing Officer articulated no basis for keeping the information confidential, and petitioner was not given an opportunity to comment on any of the adverse evidence. Even if this evidence had been properly considered, it was relied upon by the Hearing Officer in discrediting petitioner's testimony concerning his alibi and would not constitute substantial evidence of petitioner's guilt.