██ In the Matter of ANTOINE PORTER, Petitioner, v ANTHONY ANNUCCI, Acting Commissioner, New York State Department of Corrections and Community Supervision, Respondent. [65 NYS3d 884]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered June 5, 2017) to annul a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated several inmate rules, including assault on an inmate in violation of inmate rule 100.10 (7 NYCRR 270.2 [B] [1] [i]). Contrary to petitioner's contention, the determination is supported by substantial evidence.

It is well settled that misbehavior reports may constitute substantial evidence to support a determination (see generally People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]). Where, as here, "the misbehavior report was not written by a correction officer who witnessed the conduct in question, the record must contain facts establishing some indicia of reliability to the hearsay before the report may be considered sufficiently relevant and probative to constitute substantial evidence" (Matter of McIntosh v Coughlin, 155 AD2d 762, 763 [3d Dept 1989]). Furthermore, where, as here, the misbehavior report is based on information provided by an inmate informant, "any reasonable method for establishing the informant's reliability will suffice" to establish the informant's credibility (Matter of Abdur-Raheem v Mann, 85 NY2d 113, 121 [1995]). Consequently, a hearing officer may properly determine that an informant's credibility is established "where the information provided by the informant [to the author of the report] is 'sufficiently detailed' to enable a hearing officer to assess the informant's reliability, or the information provided to the hearing officer establishes that the informant provided the information based on personal knowledge" (Matter of Brown v Fischer, 91 AD3d 1336, 1337 [4th Dept 2012] [citation omitted]).

Here, the Hearing Officer had a sufficient basis upon which

to assess the credibility of the informant inasmuch as the information provided to her "established that the confidential account was detailed and specific; that there were valid reasons to conclude that the informant was reliable; and that there was no reason to think that the informant was motivated by a promise of reward from the prison officials or a personal vendetta against petitioner" (*Matter of Williams v Fischer*, 18 NY3d 888, 890 [2012]). Consequently, we conclude that the misbehavior report, the testimony of a correction officer, and information received from a confidential informant constitute substantial evidence to support the determination that petitioner violated the applicable inmate rules (*see Matter of Green v Sticht*, 124 AD3d 1338, 1339 [4th Dept 2015], *lv denied* 26 NY3d 906 [2015]). Petitioner's contention that he did not assault the victim or order another inmate to attack the victim merely created a credibility issue for the Hearing Officer to resolve (*see Matter of Watson v Fischer*, 108 AD3d 1006, 1007 [3d Dept 2013]). Present—Smith, J.P., Carni, Lindley, Curran and Troutman, JJ.