Matter of Scott v Annucci (2018 NY Slip Op 02072)





Matter of Scott v Annucci


2018 NY Slip Op 02072


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


309 TP 17-01551

[*1]IN THE MATTER OF RANDOLPH SCOTT, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (BRIAN D. GINSBERG OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered August 30, 2017) to review a determination of respondent. The determination placed petitioner in involuntary protective custody. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging the determination, following a hearing, that placed him in involuntary protective custody ([IPC] see 7 NYCRR 330.2 [b]). Contrary to petitioner's contention, we conclude that substantial evidence supports the determination that he was at risk of imminent harm if he returned to the general inmate population, and thus his placement in IPC was warranted (see id.; Matter of Nichols v Mann, 156 AD2d 774, 774 [3d Dept 1989]). The Hearing Officer was in the best position to assess the credibility and reliability of the confidential inmate witness, and we perceive no basis for disturbing his assessment in that regard (see Matter of Williams v Fischer, 18 NY3d 888, 890 [2012]; Matter of Porter v Annucci, 156 AD3d 1430, 1430 [4th Dept 2017]; see also Matter of Thomas v Fischer, 99 AD3d 1071, 1071-1072 [3d Dept 2012]).
Petitioner failed to raise in his administrative appeal his contentions concerning the allegedly inadequate assistance provided by his employee assistant, and thus petitioner failed to exhaust his administrative remedies with respect thereto (see Matter of Stokes v Goord, 270 AD2d 900, 900 [4th Dept 2000], appeal dismissed and lv denied 95 NY2d 824 [2000]). This Court therefore has no authority to address those contentions (see Matter of Polanco v Annucci, 136 AD3d 1325, 1325 [4th Dept 2016]; Stokes, 270 AD2d at 900).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court