Matter of Cordova v Annucci (2018 NY Slip Op 04213)





Matter of Cordova v Annucci


2018 NY Slip Op 04213


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.


706 TP 18-00048

[*1]IN THE MATTER OF JUSTIN CORDOVA, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered January 8, 2018) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III hearing, that petitioner violated various inmate rules, including assault on an inmate in violation of inmate rule 100.10 (7 NYCRR 270.2 [B] [1] [i]). Contrary to petitioner's contention, the determination is supported by substantial evidence (see generally People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]), i.e., the misbehavior report and the hearing testimony of its author, which established that petitioner approached the victim from behind and cut him and that, immediately after the incident, the victim identified petitioner as the assailant (see generally Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]). The confidential testimony heard by the Hearing Officer provided a sufficient basis upon which to assess the credibility of the statements made by the victim to the author of the report (see Matter of Porter v Annucci, 156 AD3d 1430, 1430-1431 [4th Dept 2017]). Petitioner's denials raised, at most, an issue of credibility for resolution by the Hearing Officer (see Foster, 76 NY2d at 966).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court