Matter of Maisonett v Venettozzi (2018 NY Slip Op 05257)





Matter of Maisonett v Venettozzi


2018 NY Slip Op 05257


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018


[*1]In the Matter of RICHARD MAISONETT, 
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: June 11, 2018

Before: McCarthy, J.P., Devine, Clark, Aarons and Rumsey, JJ.


Richard Maisonett, Rome, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with engaging in violent conduct, fighting and creating a disturbance following reports by multiple confidential informants that he had engaged in an altercation with another inmate in the dorm bathroom, causing facial abrasions to the other inmate. At the tier III disciplinary hearing, the Hearing Officer dismissed the charge of creating a disturbance and thereafter found petitioner guilty of the remaining charges, and a penalty was imposed. The determination was upheld on administrative appeal, and this CPLR article 78 proceeding ensued.
Petitioner argues, among other things, that the determination is not supported by substantial evidence because the record fails to establish that the informants were reliable or credible. We agree. "While hearsay evidence in the form of confidential information may provide substantial evidence to support a determination of guilt, the information must be sufficiently detailed to allow the Hearing Officer to make an independent assessment to determine its reliability and credibility" (Matter of Belliard v New York State Dept. of Corr., 144 AD3d 1301, 1302 [2016] [internal quotation marks and citations omitted]; see Matter of Williams v Fischer, 18 NY3d 888, 890 [2012]). The only witness called to testify at the hearing was the lieutenant who oversaw the investigation. The lieutenant relied upon information provided by other officers, who reported receiving information from unspecified informants that petitioner was involved in this fight. During his confidential and hearing testimony, the lieutenant recounted that the officers informed him that they had received information from [*2]informants, whom they had used in the past and found reliable, that petitioner had engaged in this fight. The lieutenant deemed the reports to be "consistent" and "credible," but provided no details of their accounts. Moreover, the lieutenant had not interviewed any of the informants and did not know if any of them had actually witnessed the fight. The questioning of the lieutenant about the officers' and informants' accounts was cursory, rather than "thorough and specific" as required to provide the Hearing Officer with a basis to gauge the informants' "knowledge and reliability" (Matter of Belliard v New York State Dept. of Corr., 144 AD3d at 1302).
While the lieutenant relied upon a to/from memorandum from the sergeant who apparently interviewed some of the informants, that memorandum contains no details regarding the basis for their knowledge or any specificity about their accounts, and does not assert that they had witnessed the fight or any information regarding their past reliability. Under these circumstances, the record is devoid of any basis upon which to conclude that the informants ever provided "detailed and specific" accounts, or that the Hearing Officer had information from which to "gauge the basis for the informant[s'] knowledge of the [fight] and [their] reliability" (Matter of Williams v Fischer, 18 NY3d at 890; see Matter of Belliard v New York State Dept. of Corr., 144 AD3d at 1302; cf. Matter of DeJesus v Venettozzi, 145 AD3d 1275, 1276 [2016], lv denied 29 NY3d 908 [2017]). Given that the confidential information was the basis for finding petitioner guilty of the two charges in issue, the determination is not supported by substantial evidence and must be annulled. Accordingly, we need not address petitioner's other contentions.
McCarthy, J.P., Devine, Clark, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted, and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner's institutional record.