Matter of Barber v Annucci (2019 NY Slip Op 07831)





Matter of Barber v Annucci


2019 NY Slip Op 07831


Decided on October 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 31, 2019

529214

[*1]In the Matter of Cornell Barber, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: October 4, 2019

Before: Garry, P.J., Clark, Mulvey and Pritzker, JJ.


Cornell Barber, Gouverneur, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
During an investigation, it was discovered from a confidential source that petitioner had sold several packs of cigarettes to another inmate with the understanding that he would be reimbursed; however, when that inmate failed to repay petitioner, he allegedly doubled the amount owed and threatened the inmate with physical violence if the debt was not paid. As a result of the investigation, petitioner was charged in a misbehavior report with making threats, engaging in violent conduct, engaging in an unauthorized exchange and extortion. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.
Petitioner argues that the determination was not supported by substantial evidence, and we agree. "While hearsay evidence in the form of confidential information may provide substantial evidence to support a determination of guilt, the information must be sufficiently detailed to allow the Hearing Officer to make an independent assessment to determine its reliability and credibility" (Matter of Muller v Fischer, 120 AD3d 1452, 1453 [2014] [internal quotation marks and citations omitted]; see Matter of Williams v Fischer, 18 NY3d 888, 890 [2012]). "Furthermore, 'where the Hearing Officer obtains such information through the testimony of a correction officer who has interviewed a confidential informant, the questioning must be thorough and specific, to allow an adequate basis to gauge the informant's knowledge and reliability'" (Matter of Belliard v New York State Dept. of Corr., 144 AD3d 1301, 1302 [2016], quoting Matter of Muller v Fischer, 120 AD3d at 1453; see Matter of Williams v Fischer, 18 NY3d at 890).
Although the Hearing Officer reviewed the confidential documentation and solicited brief testimony from the investigating officer, which, on its face, did not reflect that "there was [any] reason to think that the [confidential] informant was motivated by a promise of reward from the prison officials or a personal vendetta against petitioner" (Matter of Williams v Fischer, 18 NY3d at 890; see Matter of Gomez v Venettozzi, 170 AD3d 1414, 1415 [2019]; Matter of Thomas v Fischer, 99 AD3d 1071, 1071-1072 [2012]), we find that the Hearing Officer's inquiry was not thorough and specific enough to afford him an adequate opportunity to assess the confidential informant's knowledge and reliability. After briefly reviewing the investigating officer's professional experience, the Hearing Officer, in a cursory fashion, confirmed that the investigating officer had obtained confidential information and then asked whether that information was received under any kind of duress or the product of coercion, whether he thought the information was reliable and credible and whether there was any promise of secondary gain. Nothing further was solicited from the investigating officer, who provided only two or three-word responses to each question and failed to offer any description of the confidential source's statements or further testimony to assist the Hearing Officer's inquiry into the reliability of the confidential information (see Matter of Rosa v Fischer, 112 AD3d 1009, 1010 [2013], lv denied 22 NY3d 864 [2014]). In addition, the investigating officer failed to explain why he found the confidential informant reliable (see Matter of Maisonett v Venettozzi, 163 AD3d 1252, 1253 [2018]; Matter of Haigler v Fischer, 110 AD3d 1261, 1262 [2014], lv denied 24 NY3d 908 [2014]). Indeed, "[t]he Hearing Officer may not base his or her conclusion solely upon the correction officer's assessment of the confidential informant's truthfulness" (Matter of Muller v Fischer, 120 AD3d at 1453). The record also does not reflect that the Hearing Officer attempted to personally interview the confidential informant in order to cure these deficiencies (compare Matter of Chandler v Annucci, 135 AD3d 1258, 1258 [2016]). Accordingly, inasmuch as the confidential documentation was instrumental in finding petitioner guilty of the charges at issue, we find that the determination was not supported by substantial evidence and must be annulled (see Matter of Maisonett v Venettozzi, 163 AD3d at 1253; Matter of Belliard v New York State Dept. of Corr., 144 AD3d at 1302). In view of our disposition, we need not address petitioner's remaining claims.
Garry, P.J., Clark, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted, and respondent is directed to expunge all references to this matter from petitioner's institutional record.