Matter of Brown v Annucci (2020 NY Slip Op 02343)





Matter of Brown v Annucci


2020 NY Slip Op 02343


Decided on April 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 23, 2020

529216

[*1]In the Matter of Brandon Brown, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 20, 2020

Before: Mulvey, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Prisoners' Legal Services of New York, Ithaca (Hallie E. Mitnick of counsel), for petitioner.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Based upon two statements signed by confidential informants, petitioner was charged in a misbehavior report with engaging in violent conduct, creating a disturbance, assaulting staff, belonging to an unauthorized organization, smuggling and soliciting. According to the misbehavior report, the confidential information indicated that petitioner sent an inmate to the visit room to pick up drugs being smuggled into the correctional facility. Once the drugs were collected, a second inmate wired petitioner money and, upon confirming that such payment was sent, petitioner slid the drugs under the door between E1 and E2 dorms to a third inmate. A correction officer intercepted the drugs and put them in her desk. When that correction officer left her desk, the third inmate stood watch while a fourth inmate stole the drugs from the desk. Petitioner became upset and put a hit out on another correction officer in order to send a message to correction officers to stop taking his drugs. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and that determination was confirmed upon administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination of guilt.
Initially, respondent concedes — and our review of the record confirms — that, because the record does not contain the confidential information upon which the Hearing Officer indicated he relied to support the determination of guilt with regard to the charges of engaging in violent conduct, creating a disturbance, assaulting staff and belonging to an unauthorized organization, it cannot be determined whether the Hearing Officer independently assessed the reliability of such confidential information. As such, the determination of guilt with respect to those charges must be annulled.
Turning to the remaining charges of smuggling and soliciting, petitioner contends that substantial evidence does not support the determination as to those charges as the Hearing Officer did not independently assess the reliability of the confidential information in connection therewith. We agree. Although the Hearing Officer indicates that he relied upon and independently assessed confidential testimony, neither the hearing transcript nor the witness interview notice form reflects that any confidential testimony was taken during the hearing or that any confidential documents were reviewed. As to the relevant statement from the confidential informant, "[a] disciplinary determination may be based upon hearsay confidential information provided that it is sufficiently detailed and probative for the Hearing Officer to make an independent assessment of the informant's reliability" (Matter of Bridge v Annucci, 132 AD3d 1197, 1197-1198 [2015] [internal quotation marks and citation omitted]).
Here, the author of the misbehavior report simply testified with regard to the confidential informant that he had received information from the confidential informant in the past and deemed the current information accurate. Other than this general and conclusory testimony, no further details regarding the basis for the information or the results of the author's investigation into the incident were provided. Moreover, evidence at the hearing contradicted the confidential information. Specifically, the inmate who petitioner allegedly sent to the visit room to pick up drugs had not, according to the visit room log, been to the visit room in over three weeks prior to the alleged incident. In view of the foregoing, neither the testimony or evidence at the hearing was sufficiently detailed or probative for the Hearing Officer to assess the reliability or credibility of the confidential informant. As such, we find that the determination with respect to those two charges is not supported by substantial evidence and, therefore, must be annulled (see Matter of Fields v Annucci, 153 AD3d 1544, 1544 [2017]; Matter of Bridge v Annucci, 132 AD3d at 1198; Matter of Muller v Fischer, 125 AD3d 1034, 1035 [2015]). In view of the foregoing, petitioner's remaining contention need not be addressed.
Mulvey, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record and restore any loss of good time.