■ In the Matter of KEREEM BERRY, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [787 NYS2d 439]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with assaulting another inmate after a correction officer received confidential information positively identifying him as the assailant. He was found guilty of the charge following a tier III disciplinary hearing and the determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with the testimony of its author and the in camera testimony of the confidential informant, constitute substantial evidence supporting the determination of guilt (see Matter of Berry v Portuondo, 6 AD3d 848, 849 [2004]; Matter of Concepcion v Selsky, 1 AD3d 685, 686 [2003]). Contrary to petitioner's claim, the Hearing Officer properly ascertained the reliability of the confidential informant by undertaking an independent examination of him in camera (see Matter of Ward v Murphy, 302 AD2d 839, 840 [2003]; Matter of Petty v Selsky, 289 AD2d 859, 860 [2001], lv denied 98 NY2d 602 [2002]). Furthermore, the record reveals that appropriate extensions were obtained and the hearing was commenced and completed in a timely manner (see 7 NYCRR 251-5.1; Matter of Stokes v Goord, 254 AD2d 558, 558 [1998], lv denied 92 NY2d 819 [1999]).

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.