■ In the Matter of WILLIAM BRITT, Petitioner, v BRIAN FIS-CHER, as Commissioner of Correctional Services, Respondent. [864 NYS2d 571]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

During the investigation of a cube fire, confidential information was disclosed implicating petitioner and another inmate as the individuals who directed a third inmate to set the fire which resulted in minor injuries to another inmate. As a result, petitioner was charged in a misbehavior report with assaulting an inmate, damaging state property and conspiring to start a fire. Following a tier III disciplinary hearing, he was found guilty of the charges. The determination was affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, the testimony of its author and the confidential information considered by the Hearing Officer in camera provide substantial evidence supporting the determination of guilt (see Matter of Berry v Goord, 13 AD3d 947 [2004]; Matter of Rodriguez v Herbert, 270 AD2d 889, 890 [2000]). Contrary to petitioner's claim, the Hearing Officer adequately ascertained the confidential informant's reliability by conducting an independent examination in camera (see Matter of Berry v Goord, 13 AD3d at 947). Petitioner's denial of wrongdoing presented a credibility issue for the Hearing Officer to resolve (see Matter of Fontaine v Superintendent of Southport Correctional Facility, 35 AD3d 1113, 1114 [2006], lv dismissed 8 NY3d 943 [2007]). Inasmuch as petitioner's claim of hearing officer bias was not raised in his administrative appeal, it has not been preserved for our review (see Matter of Holmes v Brown, 43 AD3d 1234, 1235 [2007], lv denied 9 NY3d 815 [2007]; Matter of Newsome v Selsky, 26 AD3d 565, 566 [2006]).

Mercure, J.P., Carpinello, Rose, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.