■ In the Matter of CHRIS COGNATA, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [925 NYS2d 725]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As the result of an investigation, correction officials discovered that petitioner had solicited his wife during telephone conversations to bring drugs into the correctional facility on a scheduled visit. Consequently, he was charged in a misbehavior report with smuggling, conspiring to possess drugs and violating facility visiting procedures. Following a tier III disciplinary hearing, he was found guilty of the charges and the determination was

later upheld on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The author of the misbehavior report, an experienced narcotics investigator who listened to the tape-recorded telephone conversations between petitioner and his wife, testified that they were using code words to discuss bringing drugs into the correctional facility. This testimony, together with the misbehavior report and related documentation, provide substantial evidence supporting the determination of guilt (*see Matter of Kirshtein v Bezio*, 79 AD3d 1497, 1498 [2010]; *Matter of Lovett v Goord*, 26 AD3d 563, 564 [2006]). The contrary testimony of petitioner and his wife presented a credibility issue for the Hearing Officer to resolve (*see Matter of Hall v Selsky*, 52 AD3d 1078 [2008]; *Matter of Garner v Selsky*, 47 AD3d 1167, 1168 [2008]). Moreover, we reject petitioner's claim that the misbehavior report did not afford him proper notice of the charges inasmuch as it was the result of an ongoing investigation and set forth sufficient details of the time, place and conduct at issue to enable petitioner to prepare an adequate defense (*see Matter of Smart v New York State Dept. of Correctional Servs.*, 75 AD3d 1017, 1018 [2010]). Lastly, petitioner's many criticisms of the Hearing Officer and claim that he did not conduct the hearing in a fair and impartial manner are not substantiated by the record, and there is no indication that the determination at issue flowed from any alleged bias (*see Matter of Martino v Goord*, 38 AD3d 958, 959 [2007]).

Peters, J.P., Rose, Kavanagh, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.