■ In the Matter of JOHNNIE MCDONALD, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [939 NYS2d 727]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

A correction officer recovered three letters from the facility mail room that were written by the mother of an inmate. An investigation ensued which revealed that one of these letters was written to petitioner and referenced money totaling $700 that was sent to petitioner from this inmate's mother. Upon searching petitioner's cell, the officer found a document under petitioner's mattress confirming the transaction. As a result, petitioner was charged in a misbehavior report with extortion and solicitation. Following a tier III disciplinary hearing, he was found guilty of the charge of solicitation and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.*

Initially, petitioner contends that the misbehavior report failed to specify the particulars of the alleged misbehavior in violation of 7 NYCRR 251-3.1 (c) (1). We find this argument to be unpersuasive given that the report set forth the details of the investigation, with relevant documentation attached, and identified the rule violations at issue, thereby providing petitioner with adequate notice of the charges to enable him to prepare a defense (*see Matter of Quezada v Fischer*, 85 AD3d 1462, 1462 [2011]; *Matter of Ellis v Selsky*, 29 AD3d 1254 [2006]). Petitioner further asserts that he was improperly denied the right to question the inmate whose mother sent him the letter. This inmate, however, was confined to the special housing unit and the Hearing Officer determined that it would jeopardize institutional security to have him testify at the hearing. Petitioner was informed of this and permitted to write down questions for the Hearing Officer to ask the inmate during an interview with this individual out of petitioner's presence (*see* 7 NYCRR 254.5 [b]). Notably, petitioner was permitted to listen to the inmate's testimony and raised no objections. In view of this, we cannot conclude that petitioner was improperly denied a wit-

---

* The proceeding was properly transferred to this Court as the verified petition raised a question of substantial evidence, but petitioner has abandoned that issue by not raising it in his brief (*see Matter of Cowart v Selsky*, 305 AD2d 837, 837 n [2003], *lv denied* 100 NY2d 510 [2003]).

ness (*see generally Matter of Laureano v Kuhlmann*, 75 NY2d 141, 146-148 [1990]; *Matter of Rondon v Selsky*, 274 AD2d 713, 714 [2000]). Lastly, upon reviewing the record, we find no merit to petitioner's claim that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Cognata v Fischer*, 85 AD3d 1456, 1457 [2011]; *Matter of Hernandez v Fischer*, 67 AD3d 1225, 1226 [2009]). Accordingly, the determination must be confirmed.

Rose, J.P., Spain, Malone Jr., Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.