Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner was in the visiting room having a discussion with his wife, when his ex-wife and daughter were allowed to enter the room. An argument ensued among them which became heated and loud. Petitioner refused a correction officer’s directives to quiet down and, when the officer stepped between petitioner and his visitors to separate them, petitioner threatened to physically harm the officer. Another officer arrived and petitioner eventually complied with this officer’s order to go to the frisk area. As a result of this incident, petitioner was *1276 charged in a misbehavior report with creating a disturbance, making threats and refusing a direct order. At the conclusion of a tier III disciplinary hearing, petitioner was found guilty of making threats and refusing a direct order. The determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.
We confirm. The detailed misbehavior report, together with the testimony of the correction officers present in the visiting room, provide substantial evidence supporting the determination finding petitioner guilty of making threats and refusing a direct order (see Matter of McNeil v Fischer, 95 AD3d 1520, 1521 [2012]; Matter of Quezada v Fischer, 85 AD3d 1462, 1462 [2011]). Contrary to petitioner’s claim, the finding of not guilty on the charge of creating a disturbance does not have collateral estoppel or any preclusive effect with respect to the other charges on which he was found guilty given that those charges arose out of different conduct by petitioner during the incident, and there is no inconsistency in these findings. Moreover, we find that the hearing was timely commenced and was completed within the time provided by the last extension (see Matter of Harrison v Votraw, 56 AD3d 868 [2008]; Matter of Berry v Goord, 13 AD3d 947 [2004]; see also 7 NYCRR 251-5.1 [a], [b]). Although petitioner complains that the last extension was not obtained until the day after the previous one had expired, we note that the regulatory time requirements are directory, and petitioner has not demonstrated that he was prejudiced by the one-day delay in obtaining the extension (see Matter of Senior v Fischer, 98 AD3d 783, 784 [2012]; Matter of Dukes v Goord, 16 AD3d 747, 747-748 [2005]). Petitioner’s remaining contentions are either unpreserved for our review or are lacking in merit.
Peters, P.J., Stein, Spain and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.