*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 14, 2015                518974
_____

In the Matter of PAUL KIM,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  March 31, 2015

Before:  Lahtinen, J.P., Garry, Rose and Clark, JJ.

                    _____

        Paul Kim, Woodbourne, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

        As the result of an investigation, correction officials
allegedly obtained information that, over the course of a two-
year period, petitioner had taken his Walkman and other items
from his cell to his assigned college program outside the
correctional facility and used a computer at the college to
transfer his music onto the college's computer network.  An
investigator searched petitioner's cell and found petitioner's
Walkman, altered audio cables and cassette tapes containing some
of the songs that matched those on the college's computer
network.  Consequently, petitioner was charged in a misbehavior

report with possessing an altered item, possessing contraband, smuggling and failing to comply with assigned program regulations. At the subsequent tier III disciplinary hearing, petitioner pleaded guilty to possessing an altered item. However, petitioner testified that he used the item for his radio in his cell and not for the purpose set forth by the investigator. At the conclusion of the hearing, he was found guilty of this charge as well as smuggling and possessing contraband, but not guilty of failing to comply with assigned program regulations. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Initially, inasmuch as he pleaded guilty to possessing an altered item, petitioner is precluded from challenging the evidence supporting his guilt of this charge (see Matter of Fields v Prack, 120 AD3d 1510, 1511 [2014]; Matter of Robinson v Prack, 119 AD3d 1309, 1309 [2014]). Moreover, his admission to possessing altered audio cables, together with the misbehavior report and the testimony of its author, provide substantial evidence supporting petitioner's guilt of possessing contraband given that petitioner was not specifically authorized to possess such items (see Matter of Infantino v Fischer, 116 AD3d 1305, 1305 [2014]; Matter of Hernandez v Prack, 108 AD3d 965, 965 [2013]; see also 7 NYCRR 270.2 [B] [14] [xiii]).

We reach a different conclusion, however, with respect to the charge of smuggling. The Attorney General concedes, and we agree, that substantial evidence does not support petitioner's guilt of this charge (see Matter of Minton v Fischer, 73 AD3d 1347, 1348 [2010], appeal dismissed 15 NY3d 848 [2010]; Matter of Castillo v Goord, 46 AD3d 1060, 1060-1061 [2007]). Rather than reviewing the confidential information provided to the Inspector General's office and making independent assessments of reliability and credibility, the Hearing Officer inappropriately relied solely on unsupported testimony of the Inspector General's investigator (see Matter of Muller v Fischer, 125 AD3d 1034, 1035 [2015]; Matter of Grate v Annucci, 122 AD3d 1053, 1054 [2014]).[1]

_____

[1] The confidential information is not contained within the record before us.

Furthermore, the record is devoid of any evidence that petitioner engaged in smuggling his Walkman or the altered cables to copy music to and from the program's computers, or how this affected institutional safety and security. Accordingly, the finding of guilt with respect to the smuggling charge must be annulled.

As for the penalty imposed upon petitioner, because neither the charges of which he is guilty nor the evidence presented at the hearing establishes that petitioner's conduct was a threat to institutional safety and security, we find that the imposition of confinement in the special housing unit is harsh and excessive (compare Matter of Rogers v Prack, 118 AD3d 1223, 1224-1225 [2014], lv granted 24 NY3d 916 [2015]; Matter of Thomassini v Prack, 111 AD3d 1201, 1201-1202 [2013]; Matter of Serrano v Goord, 266 AD2d 661, 662 [1999], lv denied 94 NY2d 762 [2000]). However, inasmuch as no loss of good time was imposed and petitioner has already served the penalty, the matter need not be remitted (see Matter of Linares v Fischer, 119 AD3d 1300, 1301 [2014], lv denied 24 NY3d 909 [2014]; Matter of Brown v New York State Dept. of Corrections & Community Supervision, 119 AD3d 1205, 1206 [2014]). Lastly, we have considered petitioner's remaining contentions and find them to be unpersuasive.

Lahtinen, J.P., Garry, Rose and Clark, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of smuggling; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court