*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 3, 2015                    520029
_____

In the Matter of MAHUD KHABIR
    AL-MATIN,
                        Petitioner,

        v                                          MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
    et al.,
                        Respondents.
_____

Calendar Date:  August 20, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Egan Jr., JJ.

_____

        Mahud Khabir Al-Matin, Wallkill, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondents.

_____

Lahtinen, J.P.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Chemung County)
to review a determination of respondent Commissioner of
Corrections and Community Supervision which found petitioner
guilty of violating certain prison disciplinary rules.

        Following an investigation into allegations in a memorandum
from the correctional facility Imam regarding petitioner's
conduct, petitioner was charged in a misbehavior report with
making threats, attempted extortion, conduct involving threats of
violence, engaging in conduct detrimental to the order of the

facility, making an unauthorized address and interfering with an employee.  At the conclusion of the tier III disciplinary hearing, petitioner was found guilty of all charges.  On administrative appeal, the determination was modified and the charges of attempted extortion, interfering with an employee and making an unauthorized address were dismissed.  This CPLR article 78 proceeding ensued.

We confirm.  Initially, we reject petitioner's claim that the hearing was untimely.  The record reflects that numerous extensions were properly sought and granted to commence and complete the hearing.  However, assuming petitioner's claims that extensions were requested after a previous extension expired are true, we have repeatedly held that regulatory time limits are directory, not mandatory (see Matter of De La Cruz v Bezio, 107 AD3d 1275, 1276 [2013]; Matter of Senior v Fischer, 98 AD3d 783, 784 [2012]).  The sufficiently detailed misbehavior report, the hearing testimony and the confidential testimony and information provide substantial evidence to support the determination (see Matter of Hayward v Fischer, 101 AD3d 1308, 1309 [2012]).  The Hearing Officer's interview with the investigating sergeant and his review of the confidential information allowed him to independently assess its credibility and reliability (see Matter of Walker v Fischer, 113 AD3d 977, 977-978 [2014], lv denied 23 NY3d 905 [2014]).  Petitioner's remaining contentions are without merit.

McCarthy, Garry and Egan Jr., JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court