■ In the Matter of Yorrie Abrahams, Petitioner, v Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent. [21 NYS3d 766]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

During the course of an investigation, correction officials learned that petitioner was operating a store from his dorm and was selling food, as well as cigarettes, to other inmates in exchange for payments to his half sister. Confidential information was received indicating that petitioner was also purportedly selling synthetic marihuana. As a result, petitioner was charged in a misbehavior report with numerous disciplinary rule violations, including engaging in an unauthorized exchange and possessing contraband. Following a tier III disciplinary hearing, he was found guilty of all of the charges contained in the misbehavior report except for one and many of these charges were later reversed on administrative appeal. Ultimately, petitioner was only found guilty of engaging in an unauthorized exchange and possessing contraband. As a result, he commenced this CPLR article 78 proceeding.

Initially, inasmuch as petitioner pleaded guilty to engaging in an unauthorized exchange, he is precluded from challenging that part of the determination finding him guilty of this charge and it must be upheld (see Matter of Kim v Annucci, 128 AD3d 1196, 1197 [2015]; Matter of Robinson v Annucci, 122 AD3d 981, 982 [2014]). With respect to that part of the determination finding petitioner guilty of possessing contraband, we conclude that the misbehavior report and the hearing testimony, together with the confidential testimony and supporting documents reviewed by the Hearing Officer in camera, provide substantial evidence to support the finding of guilt (see Matter of Williams v Fischer, 18 NY3d 888, 890 [2012]; Matter of Abdur-Raheem v Mann, 85 NY2d 113, 119-121 [1995]; Matter of Berry v Portuondo, 6 AD3d 848, 849 [2004]; cf. Matter of Colon v Goord, 23 AD3d 933, 934 [2005]). Petitioner's other contentions have been considered and are either unpreserved for our review or are lacking in merit.

Peters, P.J., Lahtinen, Egan Jr. and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.