*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    April 21, 2016                     521564
_____

In the Matter of NALDY
    RODRIGUEZ,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

BRAIN FISCHER, as Commissioner
    of Corrections and Community
    Supervision,
                        Respondent.
_____

Calendar Date:   February 23, 2016

Before:   Peters, P.J., Lahtinen, Egan Jr. and Rose, JJ.

_____

        Naldy Rodriguez, Cape Vincent, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Petitioner was ordered to submit a urine specimen for
testing and it twice tested positive for the presence of K2–2,
synthetic marihuana.  As a result, he was charged in a
misbehavior report with using an intoxicant.  Following a tier
III disciplinary hearing at which he pleaded guilty to the
charge, he was found guilty as charged and the determination was
later affirmed on administrative appeal.  This CPLR article 78
proceeding ensued.

We confirm.  Initially, while petitioner challenges the sufficiency of the evidence supporting the charge of which he was found guilty, inasmuch as he pleaded guilty to the charge, he is precluded from raising this argument (see Matter of Abrahams v Annucci, 134 AD3d 1368, 1369 [2015]; Matter of Kim v Annucci, 128 AD3d 1196, 1197 [2015]).  To the extent that petitioner argues that he was denied the right to call witnesses at the hearing, the record reflects that he did not request any witnesses on his witness request form and, at the hearing, he unequivocally stated that he would not be calling any witnesses and declined when given the opportunity to do so (see Matter of Merritt v Fisher, 108 AD3d 993, 994 [2013]; Matter of Green v Fischer, 77 AD3d 1011, 1012 [2010], lv denied 16 NY3d 710 [2011], cert denied ___ US ___, 132 S Ct 1047 [2012]).  Thus, we find that petitioner waived any objection related to his right to call witnesses (see Matter of Olibencia v New York State Dept. of Corr. & Community Supervision, 131 AD3d 1318, 1318 [2015]).  Petitioner's remaining claims were not preserved for our review and may not be considered (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; Matter of Barnes v Venettozzi, 135 AD3d 1250, 1250 [2016]).

Peters, P.J., Lahtinen, Egan Jr. and Rose, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court