*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 23, 2016                    522105
_____

In the Matter of TERRY
    ANDERSON,
                        Petitioner,

         v                                   MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  May 3, 2016

Before:  Peters, P.J., Lahtinen, McCarthy, Lynch and Devine, JJ.

                    _____

        Terry Anderson, Ogdensburg, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Treasure of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with
fighting, engaging in violent conduct, lying and failing to
promptly report an injury after a confidential source accused
petitioner of having been involved in a fight with another
inmate.  At a tier III disciplinary hearing, petitioner pleaded
guilty to the charge of failing to promptly report an injury and
otherwise pleaded not guilty.  At the conclusion of the hearing,
petitioner was found guilty as charged, and this CPLR article 78
proceeding ensued.

Initially, because petitioner pleaded guilty to the charge of failing to promptly report an injury, he is precluded from challenging the evidence supporting that part of the determination finding him guilty of this charge (see Matter of Rodriguez v Fischer, ___ AD3d ___, ___, 28 NYS3d 636, 636 [2016]; Matter of Abrahams v Annucci, 134 AD3d 1368, 1369 [2015]).  With respect to the remaining three charges, the Attorney General concedes, and we agree, that substantial evidence does not support petitioner's guilt of these charges, as the Hearing Officer failed to independently assess the reliability of the confidential information (see Matter of Bridge v Annucci, 132 AD3d 1197, 1197-1198 [2015]; Matter of Kim v Annucci, 128 AD3d 1196, 1197 [2015]).  Accordingly, the finding of guilt with respect to the charges of fighting, engaging in violent conduct and lying must be annulled.  However, inasmuch as petitioner has served the penalty and no loss of good time was imposed, the matter need not be remitted for a redetermination of the penalty (see Matter of Mohamed v Prack, 137 AD3d 1402, 1402 [2016]; Matter of Kim v Annucci, 128 AD3d at 1198).

Peters, P.J., Lahtinen, McCarthy, Lynch and Devine, JJ., concur.


ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of fighting, engaging in violent conduct and lying; petition granted to that extent and respondent is directed to expunge all references to these charges from petitioner's institutional record; and, as so modified, confirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court