Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Fishkill Correctional Facility dismissing petitioner’s administrative appeal as untimely.
Following a tier II disciplinary hearing, petitioner was found guilty of engaging in violent conduct, creating a disturbance and fighting, and a penalty was imposed. The determination was affirmed upon administrative appeal. Petitioner thereafter *1397 commenced this CPLR article 78 proceeding, and Supreme Court transferred the matter to this Court.*
As respondent concedes, the record does not support the charge of creating a disturbance and, accordingly, the determination should be annulled to that extent (see Matter of Lopez v New York State Dept. of Corr. & Community Supervision, 125 AD3d 1032, 1033 [2015]). However, as petitioner has served his penalty and there was no loss of good time imposed, remittal for a penalty redetermination is not necessary (see Matter of Anderson v Annucci, 140 AD3d 1516, 1517 [2016]).
The misbehavior report and testimony of the correction officer who observed petitioner run out of a room after an unidentified inmate and swing and hit that inmate provide substantial evidence of petitioner’s guilt of engaging in violent conduct and fighting (see Matter of Lopez v Annucci, 138 AD3d 1338, 1339 [2016]). Petitioner was found with a laceration and bruising consistent with having been in a fight. Petitioner’s contrary account and any minor inconsistences in the testimony presented credibility issues for the Hearing Officer to resolve (see Matter of Byas v Fischer, 105 AD3d 1229, 1229 [2013]).
Petitioner’s challenges to the misbehavior report lack merit. The report’s author investigated the incident and was authorized to prepare it (see 7 NYCRR 251-3.1 [b]; Matter of Harrison v Fischer, 104 AD3d 1032, 1033 [2013]), and the report was not untimely. It was dated five days after the incident, following an investigation, and a report need only be prepared “as soon as practicable” (7 NYCRR 251-3.1 [a]; accord Matter of Scott v Fischer, 92 AD3d 1000, 1001 [2012]). Further, contrary to petitioner’s contention, the misbehavior report was sufficiently detailed to provide him with adequate notice of the charges, specifying the date, time and location of the incident and the rules violated, and describing his misconduct (see 7 NYCRR 251-3.1 [c] [1], [2], [3]). While the other inmate involved was not identified or described in the report, the officer who witnessed the incident testified that he had fled by the time that she had arrived at the scene and, thus, under these circumstances, the misbehavior report was not deficient (see Matter of Walton v Goord, 290 AD2d 764, 764 [2002]; 7 NYCRR 251-3.1 [c] [4]). Petitioner’s remaining claims are either unpreserved or lack merit.
*1398 Peters, P.J., Garry, Lynch, Devine and Aarons, JJ., concur.
Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of creating a disturbance; petition granted to that extent and the Superintendent of Fishkill Correctional Facility is directed to expunge all references to this charge from petitioner’s institutional record; and, as so modified, confirmed.

 The affirmance at the administrative level was upon alternate grounds, specifically, the timeliness of petitioner’s appeal. Notably, however, this ground was strongly contested by petitioner and was not thereafter raised as a defense within this proceeding. Without record evidence indicating a basis for lack of jurisdiction, and in the absence of any such defense, we thus turn to the merits as presented by the parties.