Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
 

 Following an investigation conducted by respondent’s narcotics unit, petitioner was charged in a misbehavior report with conspiring to introduce drugs into a correctional facility, soliciting others to smuggle drugs into a facility and violating the facility telephone program. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. The determination was upheld on administrative appeal, and this CPLR article 78 proceeding ensued.
 

 We confirm. The misbehavior report, transcript of petitioner’s taped telephone conversation with his wife and the testimony of the report’s author — the investigator who recorded that call — provide substantial evidence to support the charges (see Matter of Zimmerman v Annucci, 139 AD3d 1205, 1205-1206 [2016]). The transcript of the call reflects that petitioner asked his wife to bring certain items in specific quantities and prices to the facility on her next visit. The investigator testified that, based upon her experience and training, they were using code words for drugs, specifically K2 or synthetic marihuana. While drugs were not expressly mentioned, “the Hearing Officer could reasonably infer, based upon the totality of the evidence, that the underlying transaction involved drugs” (Matter of Gomez v Leclaire, 53 AD3d 994, 995 [2008]). The denials by petitioner and his wife that they were referring to drugs and their innocent explanations presented a credibility issue for the Hearing Officer to resolve (see Matter of Chadwick v NYSDOCCS Washington Corr. Facility Supt., 148 AD3d 1437, 1438 [2017]). While no drugs were found, this is irrelevant to the charges as the testimony and recorded call established that petitioner had attempted to smuggle drugs into the facility, and an attempt to violate institutional rules is “punishable to the same degree as violations] of such rule” (7 NYCRR 270.3 [b]; see Matter of Simpson v Rodriguez, 149 AD3d 1448, 1449 [2017]).
 

 Contrary to petitioner’s claim, the Hearing Officer’s written statement setting forth the evidence relied upon and the reasons for the penalty imposed was adequate (see 7 NYCRR 254.7 [a] [5]; Matter of Hyatt v Annucci, 127 AD3d 1479, 1480 [2015]). His remaining claims, including that the Hearing Officer was biased, have been reviewed and found to be without merit.
 

 Peters, P.J., Garry, Rose, Clark and Aarons, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.