Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review two determinations of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
 

 During a search of petitioner’s cell, a correction officer found two cutting-type instruments made from folded can lids. As a result, petitioner was charged in a misbehavior report with possessing a weapon. Following another search of petitioner’s cell during which a correction officer found legal documents belonging to another inmate, he was charged in a second misbehavior report with providing unauthorized legal assistance. Subsequently, correction officials inspected the contents of an envelope that petitioner was attempting to send out of the facility to a third party and discovered that it contained legal documents belonging to the inmate referenced in the second misbehavior report. Petitioner was then charged in a third misbehavior report with providing unauthorized legal assistance and violating facility correspondence procedures.
 

 Following a tier III disciplinary hearing on the charge contained in the first misbehavior report, petitioner was found guilty and, in October 2014, the determination was affirmed on administrative appeal with a modified penalty. A combined tier III disciplinary hearing was conducted with respect to the charges contained in the second and third misbehavior reports. During the course of the hearing, petitioner pleaded guilty to these charges and a disposition was rendered accordingly. The determination was affirmed on administrative appeal in November 2014 with a modified penalty. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging both determinations.
 

 Initially, with respect to the first determination, respondents concede that, contrary to the requirements of Department of Corrections and Community Supervision Directive No. 4910 (V) (C) (1), petitioner may not have been afforded his conditional right to observe the search of his cell that resulted in the discovery of the weapons. Upon reviewing the record, we agree and find that this determination must be annulled and all references to it expunged from petitioner’s institutional record (see Matter of Mingo v Chappius, 106 AD3d 1160, 1161 [2013]; compare Matter of Kirby v Annucci, 147 AD3d 1134, 1135 [2017]). Inasmuch as a loss of good time was imposed as part of the penalty, it must be restored to petitioner (see Matter of Balkum v Annucci, 148 AD3d 1322, 1323 [2017]; Matter of Nance v Annucci, 147 AD3d 1180, 1182 [2017]).
 

 Turning to the second determination, as petitioner pleaded guilty to the charges contained in the second and third misbehavior reports, he is precluded from challenging the sufficiency of the evidence supporting this determination (see Matter of Simmons v Prack, 132 AD3d 1217, 1217 [2015]; Canalas Sanchez v Annucci, 126 AD3d 1194, 1194 [2015]). In addition, the record reveals that petitioner withdrew certain procedural objections in connection with his guilty plea and, in doing so, effectively waived them (see generally Matter of Rodriguez v Fischer, 138 AD3d 1328, 1329 [2016]).
 

 We have considered petitioner’s remaining contentions and find that they have either not been preserved for our review or are lacking in merit.
 

 McCarthy, J.P., Egan Jr., Rose, Aarons and Pritzker, JJ., concur.
 

 Adjudged that the determination dated October 18, 2014 is annulled, without costs, petition granted to that extent and respondent Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner’s institutional record and to restore any loss of good time. Adjudged that the determination dated November 24, 2014 is confirmed, without costs, and petition dismissed to that extent.