Matter of Hobson v New York State Dept. of Corr. & Community Supervision (2018 NY Slip Op 01532)





Matter of Hobson v New York State Dept. of Corr. & Community Supervision


2018 NY Slip Op 01532


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

525345

[*1]In the Matter of STEVEN HOBSON, Petitioner,
v
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent.

Calendar Date: January 23, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.


Steven Hobson, Coxsackie, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Following an investigation by respondent's narcotic unit in connection with petitioner's upcoming family reunion visit, petitioner was charged in a misbehavior report with conspiring to introduce drugs into the correctional facility, attempting to smuggle contraband into the correctional facility, violating visiting procedures and violating the facility telephone program. A second misbehavior report charged petitioner with possessing drugs and possessing contraband after the greenish liquid in a Muslim oil bottle belonging to petitioner tested positive for
amphetamines. After a combined hearing, petitioner was found guilty of all charges except conspiring to introduce drugs into the facility and violating visiting procedures as charged in the first misbehavior report. Ultimately, the determination was modified by sustaining only those charges of attempting to smuggle contraband into the correctional facility and violating the facility telephone program as set forth in the first misbehavior report. This CPLR article 78 proceeding ensued.
Initially, we are unpersuaded by petitioner's contention that the gaps in the hearing transcript and telephone recordings are so significant as to preclude meaningful review (see Matter of Legeros v Annucci, 147 AD3d 1175, 1176 [2017]). Further, contrary to petitioner's [*2]contention, the misbehavior report — which set forth the date and time of the telephone calls, as well as the results of the investigation and interview with his wife — was sufficiently detailed to provide him with adequate notice of the charges and an opportunity to prepare a defense (see Matter of McDonald v Fischer, 93 AD3d 969, 969 [2012]).
Turning to the merits, the misbehavior report, related documentation, the recorded telephone calls and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Judge v Department of Corr. & Community Supervision, 153 AD3d 1469, 1470 [2017]; Matter of Cognata v Fischer, 85 AD3d 1456, 1457 [2011]). The audiotape of the telephone calls recorded petitioner stating that someone would be sending his wife money, which she confirmed she had received. Petitioner then directed his wife to bring cakes to the family reunion visit so that he could make some money. The investigator who authored the misbehavior report testified that, given his training and experience, "cake" was code for heroin. In addition, the investigator testified that petitioner's wife made a statement that, in the past, petitioner had asked that she smuggle contraband into the correctional facility so that he could make money. Petitioner's assertion, that he was not referring to drugs but merely wanted to trade coconut cakes for cigarettes that he could then sell, presented a credibility issue for the Hearing Officer to resolve (see Matter of Judge v Department of Corr. & Community Supervision, 153 AD3d at 1470; Matter of Holmes v Annucci, 153 AD3d 1004, 1005 [2017]). To the extent that petitioner contends that he was improperly denied a copy of his wife's statement, the record does not reflect that her statement to the investigator was reduced to writing. In any event, even assuming that the statement was in writing, any error in providing it to petitioner was harmless as the content of such statement was set forth in the misbehavior report and in testimony at the hearing (see Matter of Casey v Prack, 124 AD3d 1110, 1111 [2015]; Matter of Irwin v Fischer, 85 AD3d 1336, 1337 [2011], lv denied 17 NY3d 712 [2011]).
To the extent that petitioner claims that he was denied the right to call a witness, the testimony sought related to the charges in the second misbehavior report, which were dismissed, and, therefore, the challenge is moot. We have reviewed petitioner's remaining contentions, including that the Hearing Officer was biased, and find them to be without merit.
Garry, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.