Matter of Burch v Venettozzi (2018 NY Slip Op 02865)





Matter of Burch v Venettozzi


2018 NY Slip Op 02865


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

525562

[*1]In the Matter of WILLIAM BURCH, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: March 2, 2018

Before: McCarthy, J.P., Lynch, Mulvey, Rumsey and Pritzker, JJ.


William Burch, Malone, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with using a controlled substance after his urine sample twice tested positive for the presence of buprenorphine. At the ensuing tier III disciplinary proceeding, petitioner pleaded guilty and, as a result, a Hearing Officer found him guilty of the charge. The determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. Petitioner's guilty plea precludes him from challenging the sufficiency of the evidence supporting the determination of guilt (see Matter of LaGrave v Venettozzi, 157 AD3d 1184, 1185 [2018]; Matter of Reed v Annucci, 155 AD3d 1193, 1194 [2017]). Petitioner's challenge to the chain of custody of his urine sample was not raised at the hearing and is irrelevant in light of his admission to using a controlled substance (cf. Matter of Tingling v Fischer, 108 AD3d 989, 990 [2013]). In addition, there is no evidence in the record to support petitioner's claim that the Hearing Officer coerced him into pleading guilty (see Matter of Pequero v Annucci, 156 AD3d 986, 987 [2017]; Matter of Almonte v Fischer, 70 AD3d 1156, 1157 [2010], lv denied 14 NY3d 709 [2010]).
McCarthy, J.P., Lynch, Mulvey, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.