Matter of Burroughs v Annucci (2018 NY Slip Op 06168)





Matter of Burroughs v Annucci


2018 NY Slip Op 06168


Decided on September 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 20, 2018

526322

[*1]In the Matter of THEOPHOLIS BURROUGHS, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: August 6, 2018

Before: McCarthy, J.P., Devine, Clark, Aarons and Pritzker, JJ.


Theopholis Burroughs, Wallkill, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
During an announced count of inmates that had been preceded by an announcement over the facility loudspeaker that a female correction officer was on the unit, petitioner was observed by a female correction officer urinating in a toilet in his cell. He was charged in a misbehavior report with violating facility count procedures, engaging in lewd conduct and disobeying a direct order. Following a tier III disciplinary hearing, at which petitioner pleaded guilty to the facility count charge and not guilty to the remaining charges, he was found guilty of violating facility count procedures and engaging in lewd conduct and not guilty of the remaining charge. The determination was upheld on administrative appeal, with a reduced penalty, and this CPLR article 78 proceeding ensued.
Initially, the Attorney General concedes, and we agree, that substantial evidence does not support that part of the determination finding petitioner guilty of engaging in lewd conduct (see 7 NYCRR 270.2 [B] [2] [iii]). The female correction officer testified that, while petitioner continued to urinate when she passed his cell, he made no gestures and did not expose his genitals to her (compare Matter of Terrence v Annucci, 134 AD3d 1339, 1339-1340 [2015]; Matter of Collins v Fischer, 109 AD3d 1040, 1040 [2013], lv dismissed 23 NY3d 954 [2014]; Matter of Gonzalez v Fischer, 93 AD3d 1049, 1049 [2012], lv denied 19 NY3d 806 [2012]). Accordingly, the determination is annulled to that extent and, given that he has already served the penalty, which did not include a loss of good time, the matter need not be remitted for a redetermination thereof (see Matter of Maldonado v Venettozzi, 160 AD3d 1194, 1194 [2018]).
Petitioner's plea of guilty to the charge of violating facility count procedures precludes him from now challenging the evidentiary basis for that charge (see Matter of Reeves v Annucci, 157 AD3d 1180, 1181 [2018]; Matter of Reed v Annucci, 155 AD3d 1193, 1194 [2017]). Petitioner's claim that the hearing was not timely commenced was not raised at the hearing, where the Hearing Officer placed on the record that an extension had been obtained and a copy thereof had been provided to petitioner, who raised no objections and acquiesced to the hearing proceeding. Thus, this issue is unpreserved for our review (see Matter of Ayuso v Venettozzi, 159 AD3d 1208, 1209 [2018]; Matter of McDay v Annucci, 156 AD3d 1082, 1083 [2017]; Matter of Abrams v Fischer, 109 AD3d 1030, 1031 [2013]). Petitioner's remaining claims, to the extent they have been preserved for our review, have been considered and determined to lack merit.
McCarthy, J.P., Devine, Clark, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of engaging in lewd conduct; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.