Matter of Bachiller v Annucci (2018 NY Slip Op 07505)





Matter of Bachiller v Annucci


2018 NY Slip Op 07505


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018

526258

[*1]In the Matter of NILO BACHILLER, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: September 18, 2018

Before: Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Nilo Bachiller, Albion, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Victor Paladino of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Following an investigation conducted by the Department of Corrections and Community Supervision's Office of Special Investigations, Narcotics Unit, it was determined that petitioner conspired with his brother to purchase, package and smuggle synthetic marihuana during the brother's visits to the correctional facility in which petitioner was incarcerated. As a result of the investigation, petitioner was charged in a misbehavior report with violating facility visiting procedures, violating facility correspondence procedures, smuggling, conspiring to possess drugs and violating facility telephone procedures. Following a tier III prison disciplinary hearing, petitioner was found guilty of the charges, and a penalty was imposed. On administrative review, that determination was upheld with a modified penalty. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, testimony from its author who conducted the investigation, recorded telephone calls and confidential documentation submitted to the Hearing Officer for in camera review provided substantial evidence to support the determination of guilt (see Matter of Hobson v New York State Dept. of Corr. & Community Supervision, 159 AD3d 1186, 1187 [2018], lv denied 31 NY3d 912 [2018]; Matter of Judge v Department of Corr. & Community Supervision, 153 AD3d 1469, 1470 [2017]; Matter of Cognata v Fischer, 85 AD3d 1456, 1457 [2011]). The investigator who authored the misbehavior report testified that, based upon his monitoring of petitioner's phone calls in addition to his training and experience, "cool ranch Doritos" was code for synthetic marihuana (see Matter of Hobson v New York State Dept. of Corr. & Community Supervision, 159 AD3d at 1187). In addition, despite acknowledging in [*2]the recorded telephone calls his receipt of Doritos, the record evidence does not reflect that petitioner ever received a package containing cool ranch Doritos during the time period in question. Contrary to petitioner's contention, the fact that the directives regarding the control and handling of contraband were not followed is of no moment, as petitioner was not charged with possessing drugs, and the rule prohibiting smuggling was violated when petitioner conspired with another to introduce drugs into the facility (see 7 NYCRR 270.2 [B] [14] [xv]; Matter of Zimmerman v Annucci, 139 AD3d 1205, 1206 [2016]; Matter of Gomez v Leclaire, 53 AD3d 994, 995 [2008]). Although petitioner denied conspiring with and soliciting his brother to smuggle drugs into the facility, such denials, as well as his exculpatory claim that he was not referring to drugs in the recorded telephone calls, presented credibility issues for the Hearing Officer to resolve (see Matter of Judge v Department of Corr. & Community Supervision, 153 AD3d at 1470; Matter of Holmes v Annucci, 153 AD3d 1004, 1005 [2017]).
Petitioner's challenges to the adequacy of the misbehavior report also lack merit. The misbehavior report — which identified his misconduct and the rule violations at issue, and set forth the results of the investigation and the date that the investigation began and concluded — was sufficiently detailed to provide petitioner with adequate notice of the charges and an opportunity to prepare a defense (see 7 NYCRR 251-3.1 [c] [1]; Matter of Hobson v New York State Dept. of Corr. & Community Supervision, 159 AD3d at 1187; Matter of Caldarola v Annucci, 148 AD3d 1396, 1397 [2017]; Matter of McDonald v Fischer, 93 AD3d 969, 969 [2012]). Moreover, the misbehavior report was not untimely. A misbehavior report need only be prepared "as soon as practicable" (7 NYCRR 251-3.1 [a]), and the investigator explained that he wrote the misbehavior report once he obtained the information that he needed to conclude the investigation into petitioner's misconduct (see Matter of Caldarola v Annucci, 148 AD3d at 1397; Matter of Scott v Fischer, 92 AD3d 1000, 1001 [2012]). To the extent that petitioner's remaining contentions are properly before us, they have been considered and found to be without merit.
Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
ADUDGED that the determination is confirmed, without costs, and petition dismissed.