Matter of Everett v Venettozzi (2019 NY Slip Op 02191)





Matter of Everett v Venettozzi


2019 NY Slip Op 02191


Decided on March 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 21, 2019

526882

[*1]In the Matter of DANIEL EVERETT, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents.

Calendar Date: February 8, 2019

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Daniel Everett, Auburn, petitioner pro se.
Letitia James, Attorney General, Albany (Robert Goldbarb of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
As a result of an investigation, petitioner was charged in a misbehavior report with soliciting another to smuggle items into the correctional facility, conspiring to introduce narcotics into the correctional facility, engaging in third-party calls and exchanging a personal identification number. Following a tier III disciplinary hearing, petitioner was found guilty as charged and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
Contrary to petitioner's contention, the misbehavior report, the testimony from its author who conducted the investigation, the recorded telephone calls and the confidential information provide substantial evidence to support the determination of guilt (see Matter of Bachiller v Annucci, 166 AD3d 1186, 1186 [2018]; Matter of Bernard v Annucci, 148 AD3d 1448, 1448 [2017]). Petitioner's denial that the terms he used during the telephone calls referred to drugs presented a credibility issue for the Hearing Officer to resolve (see Matter of Bachiller v Annucci, 166 AD3d at 1187; Matter of Judge v Department of Corr. & Community Supervision, 153 AD3d 1469, 1470 [2017]).
Turning to the procedural challenges, we are unpersuaded by petitioner's contention that the hearing was not completed in a timely manner because an extension was not obtained until the day after the previous extension expired. The regulatory time requirements are directory, not mandatory, and petitioner has not demonstrated that he was prejudiced by the short delay in [*2]obtaining the extension (see Matter of Shearer v Annucci, 155 AD3d 1277, 1278 [2017]; Matter of Al-Matin v Prack, 131 AD3d 1293, 1293 [2015], lv denied 26 NY3d 913 [2015]; Matter of De La Cruz v Bezio, 107 AD3d 1275, 1276 [2013]). We also find without merit petitioner's contention that he was denied effective employee assistance as the record establishes that any alleged deficiencies were remedied by the Hearing Officer without any prejudice to petitioner (see Matter of Gulifield v Annucci, 164 AD3d 1001, 1003 [2018]; Matter of Funches v State of New York Dept. of Corr. & Community Supervision, 163 AD3d 1390, 1391 [2018], lv denied 32 NY3d 1140 [2019]). To the extent that petitioner asserts that he was denied the right to call a witness, the record establishes that the Hearing Officer made reasonable and substantial efforts to contact the requested witness at his last known telephone number (see Matter of Davila v Prack, 113 AD3d 978, 979 [2014], lv denied 23 NY3d 904 [2014]). We have reviewed petitioner's remaining contentions, to the extent that they are preserved, and find them to be without merit.
Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.