Matter of Barzee v Venettozzi (2019 NY Slip Op 05244)





Matter of Barzee v Venettozzi


2019 NY Slip Op 05244


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

527400

[*1]In the Matter of SAIO BARZEE, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: May 24, 2019

Before: Mulvey, J.P., Devine, Aarons, Rumsey and Pritzker, JJ.


Saio Barzee, Elmira, petitioner pro se.
Letitia James, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with fighting, engaging in violent conduct, refusing a direct order and creating a disturbance. According to the report, while near the mess hall in the presence of approximately 200 inmates, petitioner and several other inmates were observed fighting with one another and exchanging closed-fist punches. Several orders were given to petitioner and the other inmates to stop fighting before use of force was applied to stop the fight. Following a tier III disciplinary hearing, petitioner was found guilty as charged, and the determination was affirmed on administrative review. This CPLR article 78 proceeding ensued.
We confirm. As an initial matter, petitioner's challenges to the misbehavior report lack merit. The misbehavior report was sufficiently detailed to provide him with adequate notice of the charges, specifying the date, time and location of the incident and the rules violated, and describing his misconduct, including the names of the other inmates involved in the altercation (see 7 NYCRR 251-3.1 [c]; Matter of Caldarola v Annucci, 148 AD3d 1396, 1397 [2017]). Petitioner further asserts that the misbehavior report did not comply with the requirements of 7 NYCRR 251-3.1 (b) because it was not endorsed by the other correction officer and a sergeant who had personal knowledge of the facts providing the basis for the report. Although the author of the misbehavior report failed to obtain these endorsements, petitioner has not demonstrated that he was prejudiced by the omission, inasmuch as these individuals testified at the hearing (see Matter of Mitchell v Venettozzi, 148 AD3d 1406, 1407 [2017]; Matter of Cane v Fischer, 115 AD3d 1097, 1098 [2014]).
We also reject petitioner's argument that the Hearing Officer violated his right to call a witness at the hearing. Although petitioner requested testimony from a porter to corroborate his contention that he followed orders to stop fighting, this witness neither observed nor had firsthand knowledge of the incident, and the witness's testimony would have therefore been irrelevant to the charges against petitioner (see Matter of Bradshaw v Annucci, 163 AD3d 1380, 1381 [2018]; Matter of Medina v Rodriguez, 155 AD3d 1200, 1200-1201 [2017]; Matter of Mena v Bedard, 117 AD3d 1275, 1275 [2014]). "Further, inasmuch as the Hearing Officer explained on the record that any requested witness[] had to have been present at the time of the incident in order for [his] testimony to be deemed relevant, 'the failure to provide petitioner with a written explanation of the denial does not require annulment'" (Matter of Buggsward v Rodriguez, 160 AD3d 1320, 1321 [2018], quoting Matter of Jackson v Annucci, 144 AD3d 1285, 1286 [2016], lv denied 29 NY3d 907 [2017]).
Contrary to petitioner's contention, the misbehavior report, related confidential documentation submitted for in camera review and the hearing testimony, including the testimony from the author of the misbehavior report, provide substantial evidence to support the determination of guilt (see Matter of Jones v Annucci, 166 AD3d 1174, 1175 [2018]; Matter of Gallo v Annucci, 164 AD3d 1560, 1560 [2018]; Matter of Funches v State of New York Dept. of Corr. & Community Supervision, 163 AD3d 1390, 1391 [2018], lv dismissed 32 NY3d 1140 [2019]). Petitioner's testimony, and that of the other four inmate witnesses who were involved in the altercation, that he was only in the area of the altercation and did not participate in it presented credibility issues for the Hearing Officer to resolve (see Matter of Jones v Annucci, 166 AD3d at 1175; Matter of Watson v New York State Dept. of Correctional Servs., 82 AD3d 1435, 1435-1436 [2011]; Matter of Thorpe v Fischer, 67 AD3d 1101, 1102 [2009]). Finally, the record does not demonstrate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see e.g. Matter of Ayuso v Venettozzi, 170 AD3d 1407, 1408 [2019]). Petitioner's remaining arguments either have not been preserved or are lacking in merit.
Mulvey, J.P., Devine, Aarons, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.